Mihai FEDORCA, Petitioner–
Appellant,

v.

Brian PERRYMAN, District Director
of the Immigration and Naturaliza-
tion Service, Respondent–Appellee.

No. 99–1527.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 6, 1999.

Decided Nov. 18, 1999.

Y. Judd Azulay (argued), Azulay & Azulay, Chicago, IL, for Petitioner–Appellant.

Janet Reno, United States Attorney, Washington, DC, James G. Hoofnagle, Jr., Office of the United States Attorney, Civil Division, Chicago, IL, Ann V. Crowley (argued), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent–Appellee.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This case involves an application of the 1996 Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) amendments to the Immigration and Nationality Act (INA). Mihai Fedorca, a non-criminal alien subject to an order of deportation, appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 for want of subject matter jurisdiction. We conclude that INA § 242(g), *codified at* 8 U.S.C. § 252(g), as amended by IIRIRA § 306(a), Pub.L. No. 104–208, 110 Stat. 3009–607 (1996), deprived the district court of subject matter jurisdiction to entertain Fedorca's petition. Accordingly, we affirm the judgment of the district court.

## I.

Fedorca, a citizen of Romania, entered the United States through Mexico without inspection in 1990. He was denied asylum in 1991. In 1994 Fedorca married a permanent resident and fathered a child who is a United States citizen. Fedorca renewed his request for asylum, which was again denied in April 1995, and the Immigration Judge (IJ) found him deportable. The IJ did, however, grant Fedorca voluntary departure, which required him to leave the country by June 26, 1995. Coupled with Fedorca's voluntary departure order was an alternate order of deportation; if Fedorca remained in the United States past the June 26 deadline, he was subject to deportation. Fedorca did not appeal the denial of his asylum application, did not seek extension of his voluntary departure date, and did not leave the United States by the June 26 deadline. The expiration of Fedorca's voluntary departure date rendered his alternate order of deportation final and subject to execution as of June 27, 1995.

Between May 1996 and August 1997, the INS sent Fedorca three separate notices to surrender for deportation, and each time he failed to surrender. The INS placed him in custody in February 1998 after local police arrested him for a traffic violation and discovered that he was wanted on a warrant for deportation. Fedorca then told INS officials that he was eligible for suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act (NACARA), provisions of which allow Eastern and Central Europeans to obtain suspension of their deportation orders under certain circumstances. *See* 8 C.F.R. § 3.43 (1999). As a result, the INS placed Fedorca under an order of supervision and released him.

In May 1998, Fedorca filed a motion to reopen his deportation proceedings so that he could apply for suspension of deportation, and the IJ granted the motion. But after Fedorca admitted at his hearing before the IJ that he failed to leave the United States by his voluntary departure deadline, the IJ reconsidered and reversed his grant to reopen the proceedings. The legal consequence of the IJ's reversal was to preserve Fedorca's original deportation order. The IJ explained that Fedorca's abuse of voluntary departure barred him from eligibility for suspension of deportation for five years pursuant to 8 U.S.C. § 1252b(e)(2).[1] Fedorca appealed to the Board of Immigration Appeals (BIA), contending that the IJ erred in not allowing him to present evidence that he was never advised of the consequences of allowing his voluntary departure to expire or that special circumstances excused his failure to leave the United States. His appeal to the BIA remains pending.

On October 1, 1998, Fedorca sought two additional avenues of relief. First, he applied for a discretionary stay of deportation with the District Director of the INS

---

1. This section was repealed by IIRIRA. Since Fedorca's final deportation order was entered prior to the October 30, 1996, enactment of IIRIRA, his deportation proceedings are gov-
erned by pre-IIRIRA rules, and thus § 1252b(e)(2) still applies to his case. *See Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir. 1999).

pending a ruling on his appeal to the BIA. He argued that his deportation would be unfair because he was denied due process during the hearing on his motion to reopen and that deportation would cause extreme hardship to his family. Second, he filed in the district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his deportation would violate the Constitution and federal law because the IJ denied him due process by not allowing him to explain that the five-year bar of § 1252b(e)(2) did not apply to him.

The District Director denied Fedorca's request for a discretionary stay on October 22, 1998. With regard to the petition for a writ, the government moved to dismiss, arguing that Fedorca was seeking judicial review of the Attorney General's decision to execute a removal[2] order, and that 8 U.S.C. § 1252(g) divested the district court of subject matter jurisdiction. Fedorca countered by shifting the focus of his argument: he claimed that he was seeking judicial review not of the IJ's decision to terminate the hearing, but rather of the District Director's denial of his application for a discretionary stay of deportation. Fedorca argued that the District Director erroneously denied the discretionary stay by relying on the IJ's finding that he was ineligible for suspension of deportation under NACARA because he had violated his voluntary departure conditions. Fedorca asserted that the IJ misapplied § 1252b(e)(2)'s five-year bar to his case and that his hearing did not satisfy due process, and thus the District Director did not base his denial on an accurate record.

 The district court dismissed Fedorca's petition for want of subject matter jurisdiction on February 24, 1999. The court relied on our decision in *LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998), which held that the IIRIRA amendments to the INA generally foreclose § 2241 as a vehicle to obtain review either of issues that

will be heard by a court of appeals, or that Congress has determined may not be heard by any court. *See id.* at 1038, 1040; *Parra*, 172 F.3d at 956. Moreover, the district court held that, to the extent that § 2241 jurisdiction existed in the district court, such review was not available until the BIA ruled on his pending appeal. Finally, the court declined to reach Fedorca's claim that the District Director relied on improper evidence in rejecting his application for a discretionary stay of deportation, finding that Fedorca waived this claim because he had not raised it in his petition. We have appellate jurisdiction under 28 U.S.C. § 1291, and review *de novo* the district court's dismissal for want of subject matter jurisdiction. *See Botezatu v. INS*, 195 F.3d 311, 312 (7th Cir.1999).

### II.

 On the same day the district court rendered its decision in this case, the Supreme Court decided *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), holding that 8 U.S.C. § 1252(g) precludes judicial review of the Attorney General's discretionary decision to execute a removal order. Section 1252(g) reads:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (1999). This provision supersedes § 2241 in cases to which it applies, *see American–Arab*, 525 U.S. at ——, 119 S.Ct. at 944; *Parra*, 172 F.3d at 956, and applies to both criminal and non-criminal aliens alike, *see Singh v. Reno*, 182 F.3d 504, 507–08 (7th Cir.1999). Sec-

---

**2.** The statutory term "removal" has replaced the terms "deportation" and "exclusion" un-

der the IIRIRA amendments. *See Parra v. Perryman*, 172 F.3d 954, 955 (7th Cir.1999).

tion 1252(g), however, is not a general preclusion statute; § 1252(g) precludes review of only the three listed discretionary decisions or actions of the Attorney General, including removal orders like that in the present appeal. *See American–Arab*, 525 U.S. at ——, 119 S.Ct. at 943; *Botezatu*, 195 F.3d at 312; *Parra*, 172 F.3d at 957. While the IIRIRA amendments generally apply only to removal proceedings instituted on or after its effective date of April 1, 1997, *see American–Arab*, 525 U.S. at ——, 119 S.Ct. at 943, § 1252(g) is fully retroactive, *id.*; *Lalani v. Perryman*, 105 F.3d 334, 336 (7th Cir.1997).

■ At the outset, we must decide how Fedorca's claim should be characterized; if Fedorca is seeking review of one of the three listed decisions or actions in § 1252(g), the federal courts lack subject matter jurisdiction to entertain his § 2241 petition. We note that he has been inconsistent at best in discussing his claim in this appeal. He alleged in his petition that he sought review of the IJ's allegedly erroneous decision to deny him NACARA relief. But in response to the government's motion to dismiss, he claimed that he sought review of the District Director's refusal to stay his deportation. His brief on appeal, however, reverts back to his original claim, and he goes so far as to argue the merits of the IJ's decision. Yet at oral argument Fedorca claimed that his pending BIA appeal was unrelated to this litigation.

■ We disagree with Fedorca's characterization of his claim. We believe that Fedorca's BIA appeal has everything to do with this case: he is facing deportation and is seeking to challenge the Attorney General's decision to execute his removal. An alternate final order of deportation subject to execution was entered against Fedorca in June 1995 after he failed to

appeal the IJ's finding of deportability, and then violated the terms of his voluntary departure. *See* 8 C.F.R. § 241.31 (1999); 8 C.F.R. § 241.33(a)(1) (1999). The INS has sought to deport Fedorca since May 1996 and has denied his request for a discretionary stay of deportation. If Fedorca's motion to reopen his deportation proceedings had been successful, as it initially was, it would have abrogated the 1995 deportation order. But because the IJ reconsidered and reversed the grant, the 1995 order was preserved and consequently remains valid. Moreover, Fedorca seeks as relief only a stay of deportation pending his appeal to the BIA—or in other words, review of the decision to execute his deportation, which is barred by § 1252(g). *See American–Arab*, 525 U.S. at ——, ——, 119 S.Ct. at 939, 945. *Cf. Botezatu*, 195 F.3d at 313 (INS refusal to defer alien's deportation or reinstate voluntary departure was discretionary action within scope of § 1252(g)); *Mapoy v. Carroll*, 185 F.3d 224, 228 (4th Cir.1999) (alien's underlying motion for stay of deportation "clearly related" to BIA's execution of removal order, and thus alien's habeas petition "clearly arose" from INS's decision to execute removal order and is subject to § 1252(g)). Fedorca's vacillating claims are merely an attempt to evade § 1252(g).[3] Even if we were to accept Fedorca's contention that he seeks review of the IJ's decision to terminate his hearing, thereby denying him due process, we would still be obligated to affirm the judgment of the district court because Fedorca must first exhaust his remedies before the BIA. *See Singh*, 182 F.3d at 511.

Fedorca also asserts that the district court erroneously relied upon *LaGuerre* because he is not a criminal alien. *LaGuerre*, however, is irrelevant to the jurisdictional hurdle at issue in this case; § 1252(g) bars his petition. Merely distin-

---

**3.** Fedorca argues in his reply brief—the only instance where he cites § 1252(g)—that § 1252(g) does not have the expansive effect "suggested by the government." But the government, curiously, did not suggest on appeal

that either § 1252(g) or *American–Arab* applies to this case; the government did not cite *American–Arab* in its brief or at argument despite the fact that it raised the § 1252(g) bar in the district court.

guishing *LaGuerre* does not help Fedorca circumvent the statute.

Fedorca finally contends that our decision in *Parra* supports his claim of § 2241 jurisdiction. *Parra* held that § 1252(g) did not foreclose review under § 2241 of an alien's detention without the possibility of bail prior to the INS entering a final removal order against him. 172 F.3d at 956–57. In this case, Fedorca already is subject to deportation pursuant to the 1995 alternate order of deportation that the INS has sought to execute since 1996. As we concluded above, however, Fedorca has waived administrative review of that order. His pending BIA appeal concerns not the 1995 alternate order of deportation, but rather the IJ's 1998 decision finding him ineligible for suspension of deportation under NACARA.

The judgment of the district court dismissing Fedorca's habeas corpus petition for want of subject matter jurisdiction is AFFIRMED.