**LI WEI WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6622–ag.**

United States Court of Appeals, Second Circuit.

April 21, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

**36**

Michael Brown, New York, New York, for Petitioner.

Lawrence J Laurenzi, United States Attorney for the Western District of Tennessee, Gary A. Vanasek, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Li Wei Wang, through counsel, petitions for review of the BIA's denial of his motion to reconsider his deportation proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion by holding that its July 2004 summary affirmance did not pertain to the IJ's September 1999 denial of relief, where Wang had 30 days pursuant to 8 C.F.R. § 1003.38(b) to file an appeal of that decision and he did not file an appeal before the BIA until December 2003. A motion to reopen is not a vehicle through which to obtain an appeal of previously denied claims. Wang's argument that a granted motion to reopen necessarily vacates the underlying decision that denied relief is incorrect. The purpose of a motion to reopen is to consider, in the first instance, new or previously unavailable evidence that might establish eligibility for relief. *See* 8 C.F.R. § 1003.2(c). Accordingly, a granted motion to reopen does not vacate the agency's previous decision or decisions that denied relief unless the BIA or IJ so specifies when granting the motion.

Wang's reliance on *Fedorca v. Perryman*, 197 F.3d 236 (7th Cir.1999) and *Lopez–Ruiz v. Ashcroft*, 298 F.3d 886 (9th Cir.2002) is misplaced. In addition to their lack of precedential value in this Circuit, these cases do not support Wang's position. In *Fedorca*, the Seventh Circuit merely noted that if the applicant's motion to reopen "had been successful, as it initially was, it would have abrogated the [previous] deportation order." *Id.* at 240. As already stated, abrogating the underlying order of deportation is not the same as vacating the IJ's decision regarding the initial denial of relief. The IJ's decision remains the agency's final determination with regard to the applicant's initial claims unless it is changed by the IJ on reopening or by the BIA when properly appealed.

In *Lopez–Ruiz*, an immigrant was ordered removed after he was convicted of a drug-related crime. 298 F.3d at 887. The immigrant petitioned for review to the circuit court, arguing that his crime was not an aggravated felony, and therefore did not warrant removal. *Id.* Before the circuit court made its decision, the petitioner's conviction was vacated and the BIA reopened and remanded his case to decide how the vacatur affected his claims. *Id.* The Court held that the BIA's grant of the motion to reopen precluded its review, as the reopening vacated the final order of removal on which circuit courts' review must be based. *Id.* The Court also held that it need not hold the petitioner's appeal in abeyance pending the IJ's decision in order to preserve the issues raised in his original appeal. *Id.* The Court ex-

plained that "[i]f the BIA decides to reinstate the order of removal, [the petitioner] will be able to appeal that final removal decision on *any* ground which he has raised before the BIA before the final order of removal, not just the one that caused reopening." *Id.* (emphasis in original). Here, Wang confuses the requirements for preserving issues for judicial review with the requirements for preserving issues for review by the BIA. That the *Lopez–Ruiz* court would have reviewed any issue raised before the BIA says nothing about how one must raise issues before the BIA.

For the foregoing reasons, Wang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).