# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 05-3512

XUE Y. REN,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A79 573 057

---

SUBMITTED JANUARY 13, 2006—DECIDED MARCH 9, 2006

---

Before POSNER, EASTERBROOK, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Xue Ren was ordered removed from the United States by an immigration judge after the judge denied her request for asylum and other relief. The Board of Immigration Appeals affirmed, and later denied her motion to reopen the proceeding. After she filed a petition in this court for review of the denial of the motion to reopen, the Justice Department moved us to remand the case to the Board "for further consideration of Petitioner's requests for asylum, withholding of deportation and Convention Against Torture protection in light

of current country conditions in the People's Republic of China." There was no further elaboration. The petitioner indicated her agreement with the motion.

The Department's motion, in part because of its extreme brevity, raised questions in our mind. It was not a formal confession of error; nor did it seem to be a motion to remand for the limited purpose of considering the possible bearing of newly discovered evidence, because the motion stated that, "if granted, [the motion] brings the present matter on review to conclusion." We were concerned that if the Department was attempting to confess error, its attempt was defective because its failure to give reasons prevented us from evaluating the merits of the confession. When the Department confesses error on a federal district court, "our judicial obligations compel us to examine independently the errors confessed." *Young v. United States*, 315 U.S. 257, 258-59 (1942). See also, e.g., *Sibron v. New York*, 392 U.S. 40, 58 (1968).

To allay our concerns, we invited the parties to file supplemental memoranda addressing the following questions:

> 1. Whether the Board of Immigration Appeals has any policy-making function under current law, or is instead an adjudicatory body only.

> 2. Whether, if the Board acts as an adjudicator, the court of appeals must exercise independent judgment in response to a confession of error or equivalent request for a remand, as it must in the case of a confession of error by a district court. See, e.g., *Young v. United States*, 315 U.S. 257, 258-59 (1942); *Sibron v. New York*, 392 U.S. 40, 58 (1968).

3. Whether, if the Attorney General determines that the Board has made a mistake, he can instruct the Board to reopen the proceeding, making a remand (or other judicial action) unnecessary.

4. Whether the motion to remand in this case is a confession of error.

The parties have filed their memoranda, and we can now proceed to decide the Department's motion.

As the Department explains in its memorandum (and the petitioner agrees), the Board of Immigration Appeals does not have authority to promulgate rules or policies other than for its internal operations; it is indeed an adjudicatory body. But it is an administrative body rather than a federal court, and is entitled to the usual deference that reviewing courts give such bodies; it is also entitled to the deference that executive-branch agencies receive from courts with respect to matters relating to the nation's foreign relations. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999). Deference in turn implies a greater latitude for reconsideration than in the case of district courts. Rather than confessing error, the Department explains, it wants a remand in this case to enable the Board of Immigration Appeals to conduct an additional investigation, or attempt a fuller explanation, concerning issues presented by the petitioner's request for relief. Remanding an agency proceeding in lieu of determining the merits of the challenge to it was commended by the Supreme Court in *Lawrence v. Chater*, 516 U.S. 163, 165-74 (1996) (per curiam); see also *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *Ford Motor Co. v. NLRB*, 305 U.S. 364, 375-76 (1939); *Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416-17 (6th Cir. 2004); *Milk Train, Inc. v. Veneman*, 310 F.3d 747, 755-56 (D.C. Cir. 2002); *SKF USA Inc. v. United States*, 254 F.3d 1022,

1029-30 (Fed. Cir. 2001). An "agency may request a remand (without confessing error) in order to reconsider its previous position." *Id.* at 1029. The courts of appeals have been critical of recent decisions by the Board in asylum matters, e.g., *Benslimane v. Gonzales*, 430 F.3d 828 (7th Cir. 2005), and cases cited there; and it is natural that the Department, without necessarily confessing error, should want the Board to have an opportunity to reconsider some of its asylum decisions in light of the emerging case law.

A further distinction between confession of error on a district court and the remand sought here is that, as the Supreme Court explained in the *Sibron* case, the principal reason for an appellate court to conduct an independent evaluation of the confessed error is to make sure that by accepting the confession the court does not mistakenly wipe out a sound judicial decision, namely the decision that the appellee has confessed was erroneous. That is not a consideration in our review of a decision by the Board of Immigration Appeals, and not only because the Board is not a federal district court. As the Department explains in its supplementary memorandum, if the Attorney General wants to withdraw a decision by the Board, whether thinking it erroneous or on any other ground, he can direct the Board to refer the case to him for review, 8 C.F.R. § 1003.1(h)(1)(i); *In re N-J-B-*, 22 I. & N. Dec. 1057, 1088 (AG 1997), thereby rendering the Board's decision nonfinal and hence not judicially reviewable. *In re E-L-H-*, 23 I. & N. Dec. 814, 820 (BIA 2005); 8 U.S.C. § 1252(a)(1). That would be a step beyond the one the Attorney General has taken in this case in asking us to remand the case. The Board itself, moreover, can reopen or reconsider any decision even if no party requests it to do so. 8 C.F.R. § 1003.2(a); *In re X-G-W-*, 22 I. & N. Dec. 71, 73 (BIA 1998). Again the effect is to render the decision

nonreviewable. *Bronisz v. Ashcroft*, 389 F.3d 632, 637 (7th Cir. 2004); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886 (9th Cir. 2002) (per curiam).

The motion to remand the matter to the Board of Immigration Appeals is

GRANTED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*