**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2006
Decided August 30, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 04-3341 & 05-2529

| | |
|---|---|
| RAKZAN AUOB, et al., <br> *Petitioners,* | Petition for Review of Orders of the <br> Board of Immigration Appeals. |
| *v.* | |
| ALBERTO R. GONZALES, <br> *Respondent.* | Nos. A78-372-735, A78-372-736, A78-372-737, A78-372-738, A78-372-739, A78-372-740. |

**O R D E R**

Rakzan Auob, a native and citizen of Iraq, applied for asylum and other relief in 2000. She listed her husband and four children as derivative beneficiaries. The first hearing on the merits took place on December 5, 2002. The hearing was not completed that day, and the immigration judge continued the matter until May 20, 2003. In the interim, in March 2003, Saddam Hussein was removed from power in Iraq. On May 9, 2003, prior to the resumption of the hearing, the petitioners moved for a continuance, asserting that Hussein's removal had substantially changed the reasons for their asylum claim. The immigration judge denied the motion for a continuance. After the petitioners stated that they did not wish to go forward if their request for a continuance was denied, the immigration judge deemed their requests for asylum,

withholding of removal, and relief under the Convention Against Torture abandoned. The Board of Immigration Appeals affirmed the immigration judge's decision.

Two months later, on October 10, 2004, Auob was baptized a Christian. On November 8, 2004, the petitioners filed a motion to reopen with the Board based on this new development. The Board denied the motion to reopen, and, on May 3, 2005, it denied the petitioners' subsequent motion to reconsider the denial of their motion to reopen.

The petitioners then filed a petition for review with this court, contending: (1) the immigration judge erred when it denied the petitioners' motion for a continuance; (2) the Board erred when it denied their motion to reopen; and (3) the Board erred when it denied the petitioners' motion for reconsideration. The government's brief urged us to deny the petition for review.

In addition to filing a petition for review with this court, the petitioners filed a motion to reopen with the Board, alleging that country conditions in Iraq had changed sufficiently to warrant a reopening of their case. On July 26, 2006, the Board granted the petitioners' motion to reopen. According to the Board's opinion, the Department of Homeland Security had opposed the motion to reopen, on the ground that the motion exceeded the time and number restrictions for filing motions to reopen under 8 C.F.R. § 1003.2(c). The Board, however, found the petitioners had established that conditions in Iraq had materially changed in a manner sufficient to support the reopening of their proceedings. As a result, it granted the motion to reopen and remanded the matter to the immigration judge for further proceedings consistent with the Board's opinion and the entry of a new decision.

Shortly thereafter, the government filed a motion to dismiss the instant petition for review for lack of jurisdiction.[*] This court may only review final orders of removal. *See, e.g.,* 8 U.S.C. § 1252(a)(1); *Hashish v. Gonzales*, 442 F.3d 572, 574 (7th Cir. 2006). Consequently, when the Board of Immigration Appeals reopens a matter, "the effect is to render the decision nonreviewable." *Ren v. Gonzales*, 440 F.3d 446, 449 (7th Cir. 2006); *see also Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2006) ("We . . . hold that the grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."); *see also Lopez-Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir. 2002) (dismissing petition for lack of jurisdiction after Board of Immigration Appeals granted motion to reopen). Not only is dismissal of the petition for review compelled by our precedent, but it is the sensible result in this case. Conditions in Iraq have changed substantially since the petitioners filed their initial request for relief, and they warrant a full exploration by an immigration judge into whether the petitioners are entitled to relief.

---

[*]We allowed the petitioners an opportunity to respond to the government's motion to dismiss, but the petitioners have not submitted a response.

The petition for review is DISMISSED for lack of jurisdiction.