# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-3215

YUAN GAO,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals

SUBMITTED AUGUST 26, 2006—DECIDED SEPTEMBER 25, 2006

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* At the suggestion of an immigration judge, Yuan Gao withdrew his application for asylum in exchange for an opportunity to depart voluntarily. He did not use this opportunity, however. Regretting his decision to abandon the request for asylum (a step that he attributes to bad legal advice), he asked the immigration judge to reopen. The IJ declined, the Board of Immigration Appeals dismissed the appeal, and the alien filed a petition for judicial review.

In lieu of a brief, the Attorney General has filed a motion to dismiss for want of jurisdiction. The basis of this motion is that on August 4, 2006, about a month after the alien

filed his opening brief in this court, the Board reopened the proceedings on its own motion. According to the respondent, this means that we must dismiss the petition, because we are entitled to review only final orders of removal, see 8 U.S.C. §1252(a)(1), and this order is no longer final. See *Orichitch v. Gonzales*, 421 F.3d 595, 597-98 (7th Cir. 2005); *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004).

This supposes, however, that the Board may withdraw its decision after a petition for review has been filed. The Attorney General (representing the Board) regularly asks for permission to reopen or reconsider an order, and we held in *Xue Ye Ren v. Gonzales*, 440 F.3d 446 (7th Cir. 2006), that such a request should be granted as a matter of course. We assumed that a request was necessary. Normally a petition for judicial review, like an appeal from a judgment of a district court, transfers authority over the case; if both tribunals could proceed in the same matter at the same time, confusion and wasted effort would ensue. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989). We therefore directed the parties to address the question whether the Board needs our permission to act after a petition for review has been filed—for, if it does, the Board's latest order is ineffectual and this court retains jurisdiction.

The approach that governs appeals within the judicial system does not, however, apply here. *Stone v. INS*, 514 U.S. 386 (1995), concluded that, in immigration law, the agency's decision on the merits and an order denying reconsideration or reopening are independently reviewable. One consequence is that the alien must file an immediate petition if he wants the Board's principal decision to be reviewable; an alien who chooses to wait and files a petition only after reconsideration has been denied presents for judicial review only the order denying reconsideration. A second consequence—which was assumed rather than discussed in *Stone*—is that the Board may rule on an alien's

request for reconsideration or reopening while a petition for review of the main decision is before the court. That's how it would be possible for two petitions for judicial review to be pending simultaneously and consolidated, as 8 U.S.C. §1252(b)(6) provides. (At the time of *Stone*, this provision was in 8 U.S.C. §1105a(a)(6); its substance is unchanged by intervening legislation.) Because the Board is empowered to *decide* the pending issue, a grant of relief is no more problematic than a denial; there would be no point to a rule that treats the subjects as independent but ties the Board's hands by requiring a mechanical denial of every motion for reconsideration. It is only a small step to say that, if the Board may grant a motion to reconsider or reopen without leave of court, it may reopen *sua sponte*. If, as *Stone* holds, a single immigration matter may be before the court and the agency for decision simultaneously, it cannot matter whether the agency's decision is prompted by a litigant's request or its internal processes.

So we hold that the Board did not need judicial permission to reopen a proceeding. Accord, *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886 (9th Cir. 2002). (As far as we can tell, *Lopez-Ruiz* is the only other published appellate decision that has addressed this issue.) Yuan Gao has asked us to retain jurisdiction while the Board reconsiders, but there is nothing to retain jurisdiction *of*. The order sought to be reviewed is no more. Any judicial act while there is no outstanding order of removal would be advisory. If the Board enters a new final order, that step could be met by a fresh petition for review.

The Attorney General's motion to dismiss is granted.

A true Copy:

     Teste:

              _____
              *Clerk of the United States Court of*
              *Appeals for the Seventh Circuit*