**XIAN ZHONG JIANG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting Attorney General, Respondent.**

No. 07–0086–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

Peter D. Lobel, Joshua Bardavid, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Civil Division; Jonathan, Robbins, Attorney, Office of Immigration Litigation, U.S., Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xian Zhong Jiang, a native and citizen of the People's Republic of China, seeks review of a December 15, 2006 order of the BIA affirming the April 27, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Zhong Jiang*, No. A 95 687 550 (B.I.A. Dec. 15, 2006), *aff'g* No. A 95 687 550 (Immig. Ct. N.Y. City, Apr. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004) (overruled on other grounds). However, we will va-cate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

The IJ did not find Petitioner credible. The BIA, instead, assumed Petitioner's credibility but determined that he had shown neither past persecution nor a well-founded fear of future persecution. Petitioner asserts that, in making these determinations, the BIA engaged in impermissible de novo review of the IJ's factual findings. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("The Board will not engage in de novo review of findings of fact determined by an immigration judge.").

The Government has moved that this matter be remanded to the BIA so that it may address the IJ's adverse credibility determination. Without determining whether or not the BIA did engage in impermissible de novo fact-finding, we agree that a remand is appropriate. *See Ren v. Gonzales*, 440 F.3d 446, 448 (7th Cir.2006) ("Remanding an agency proceeding in lieu of determining the merits of the challenge to it [has been] commended by the Supreme Court . . . .").

For the foregoing reasons, the petition for review is GRANTED and the Government's motion to remand is GRANTED.