**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 3, 2009
Decided January 11, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2057

| | |
|---|---|
| PUSHKAR V. POTNIS, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| *v.* | No. A094-998-386 |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

On November 3, 2009, we heard oral argument on Pushkar Potnis's petition for review of a Board of Immigration Appeals order denying him asylum, withholding of removal, and protection under the Convention Against Torture. After argument, on December 28, 2009, the Board of Immigration Appeals reopened his case and remanded it to an immigration judge to consider new evidence Potnis had presented. Potnis has moved this court to remand consideration of his petition for review to the BIA in light of the reopening of his case.

   Potnis is correct that the BIA's decision to reopen his case affects our ability to consider his petition, but instead of remanding his petition to the BIA, we are compelled to dismiss it for lack of jurisdiction.  Our jurisdiction is premised on the existence of a final order of the BIA.  8 U.S.C. §1252(a)(1). The BIA's order to reopen the proceedings in Potnis's case "vacates the previous order of deportation or removal and reinstates the previously terminated immigration procedures." *Orichitch v. Gonzales*, 421 F.3d 595, 598 (7th Cir. 2005); *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004).Because the previous order is vacated, we have no jurisdiction to consider it. *Gao v. Gonzales*, 464 F.3d 728, 730 (7th Cir. 2006). "The order sought to be reviewed is no more.  Any judicial act while there is no outstanding order of removal would be advisory." *Id.*  We note that our order dismissing the case does not foreclose our future consideration of the issues in this petition in the event that Potnis seeks review of the Board's determination of his reopened petition. *Id.*

   Accordingly, Potnis's petition for review is dismissed for lack of jurisdiction.