**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 4, 2010*

Decided March 5, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| **No**.  09-1999 | Appeal from an Order of the Board of Immigration Appeals. |
| FRANCISCO J. LARA, *Petitioner*, | |
| **v.** | No. A 096-487-227 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**Order**

Francisco Javier Lara filed a petition for review of a final order of removal to Mexico. One of his arguments was that the Board of Immigration Appeals should have allowed him the privilege of voluntary departure, a procedure that makes it possible to apply for legal admission without the extended delay that follows removal. While the petition was pending, the Board agreed with petitioner on this point, vacated its order, and remanded to the Immigration Judge. The Attorney General now asks us to dismiss the petition for review.

---

\* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The Attorney General's position is that our jurisdiction is limited to final orders of removal, 8 U.S.C. §1252(a), and no such order is outstanding. Perhaps the Immigration Judge will enter a new one, and perhaps the BIA will affirm it, but we cannot "review" an order that no longer exists. *Orichitch v. Gonzales*, 421 F.3d 595, 598 (7th Cir. 2005); *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004). "The order sought to be reviewed is no more. Any judicial act while there is no outstanding order of removal would be advisory." *Gao v. Gonzales*, 464 F.3d 728, 730 (7th Cir. 2006).

Moreover, because voluntary departure is available only to an alien who represents that he intends to leave voluntarily, see 8 U.S.C. §1229c(b)(1)(D); *Dada v. Mukasey*, 128 S. Ct. 2307 (2008); *Alimi v. Ashcroft*, 391 F.3d 888 (7th Cir. 2004), it would be inappropriate for us to assume that any new order of removal is bound to be contested in court.

Petitioner's reply brief does not address the Attorney General's arguments. Nor does petitioner contend that the Immigration Judge has completed work on the remand and that the order of removal has been reinstated. Instead petitioner contends that this court has already resolved the issue. Yet the decision of a motions panel on December 16, 2009, denying the motion to dismiss, did not give reasons. A merits panel can review a summary decision by a motions panel on a jurisdictional question. See *Bogard v. Wright*, 159 F.3d 1060 (7th Cir. 1998); *Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991).

We now grant the Attorney General's motion to dismiss the petition, because there is no outstanding final order of removal.