NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2010
Decided October 6, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1860

| | |
|---|---|
| DOMENICO DE TOMMASO, et al., *Petitioners*, | Petition for Review of an Order of the Department of Homeland Security |
| *v.* | Nos.   A 99 345 366, A 88 596 234, A 88 596 235, A 88 596 236 |
| JANET A. NAPOLITANO,[1] Secretary of Homeland Security, *Respondent*. | |

---

[1] The parties name Eric H. Holder, the Attorney General of the United States, as the respondent, but an agent of the Secretary of Homeland Security, not the Department of Justice, ordered de Tommaso's removal, and he challenges only that order. Accordingly, we have modified the caption to reflect that the Secretary of Homeland Security is the proper respondent. *See Ahmed v. Dep't of Homeland Sec.*, 328 F.3d 383, 384 n. 1 (7th Cir. 2003); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

# O R D E R

Domenico de Tommaso and his family entered the United States from Italy under the Visa Waiver Program. That program allows citizens of certain countries to visit the United States for up to 90 days without first applying for a visa if they waive their right to contest removal (except on asylum grounds). They chose not to leave the United States. Years later, long after the 90-day period expired, de Tommaso applied to adjust his status to permanent resident based on an approved labor certification. The Department of Homeland Security, however, exercised its discretion to deny the application, ordered him removed for violating the terms of the Visa Waiver Program, and refused to reopen or reconsider the case. In his petition for review (for himself and his family), de Tommaso argues that the Department may not remove him because it erred in concluding that he is not eligible for permanent residency. But we lack jurisdiction to consider many of de Tommaso's arguments, and the remaining ones have no merit. Accordingly, we dismiss in part and deny in part the petition for review.

De Tommaso has lived in the United States since April 1998, except for a brief visit back to his native Italy in 2003. In 1999 his then employer began the process of sponsoring him for permanent residency by seeking labor certification from the Department of Labor. It is unclear whether or when this first certification form was properly filed with the Department of Labor, but a different employer filed a second labor-certification form on de Tommaso's behalf in November 2003. After the Department of Labor approved that certification, de Tommaso's employer then submitted a visa petition on his behalf. Once that petition was approved, de Tommaso applied for permanent residency in July 2007, claiming that he was eligible to adjust his status under § 245(i) of the Immigration and Nationality Act, *see* 8 U.S.C. § 1255(i).

Citizenship and Immigration Services, an agency within the Department of Homeland Security, denied the application for adjustment of status on January 23, 2009. The agency acknowledged that de Tommaso would have been eligible to ask for an adjustment of status under § 245(i) if a timely labor certification had been properly filed but concluded that he had furnished "no evidence that an approvable visa petition or application for labor certification was filed on [his] behalf on or before April 30, 2001," as § 245(i) requires.

Six days later, on January 29, 2009, the Department ordered de Tommaso removed. It required him to leave the country as a Visa Waiver Program violator and instructed federal agents to remove him from the country based on this "final order." His "bag and baggage" letter instructed him to appear for departure three weeks later. De Tommaso failed to appear and instead administratively appealed the denied application for

permanent residency, requesting that the agency reopen and reconsider his case. He argued that the agency should deem him eligible for an adjustment under § 245(i) because his original labor-certification form was for the same type of work as his second application. On March 9, 2009, the Department denied de Tommaso's motion to reopen and reconsider his case. It once again concluded that he was not eligible for permanent residency under § 245(i) because, although his original employer had *completed* the first labor-certification form, the agency had "no evidence that it was properly filed with the Department of Labor."

Ten days after the Department denied de Tommaso's motion to reconsider and reopen, he filed a petition for a writ of habeas corpus in the Northern District of Illinois. The district court concluded that, in light of the REAL ID Act, Pub. L. No. 109-13, § 106, 119 Stat. 231 (2005), it no longer had jurisdiction over the case but that 28 U.S.C. § 1631 authorized it to transfer de Tommaso's case to us. Once the case arrived here, we stayed the proceedings to await our then pending *en banc* decision in *Bayo v. Napolitano*, 593 F.3d 495 (7th Cir. 2010).

In *Bayo* we considered the case of an alien who entered the United States under the Visa Waiver Program but signed a waiver written in a language that he claimed not to have understood. As noted earlier, in exchange for the privilege to visit the United States for 90 days without a visa, the Program requires participants to waive their right to contest removal on any non-asylum ground including, as in Bayo's case, adjustment of status based on a marriage occurring after the 90 days. *Bayo*, 593 F.3d at 498. We held that these waivers are enforceable unless the alien proves that the waiver was not "knowing and voluntary" *and* that it caused prejudice, meaning that the alien would have secured alternative, lawful admission to the country had he understood, and declined to sign, the waiver. *Id.* at 504-06. Bayo could not prove prejudice. After deciding *Bayo*, we resumed de Tommaso's case and ordered him to distinguish himself, if possible, from the petitioner in *Bayo*.

On appeal de Tommaso does not claim that he misunderstood the terms of his waiver and did not knowingly assent to it. Rather, he suggests two differences between his case and *Bayo*. First, he argues that his case involved an application for permanent residency based on § 245(i), a provision allowing for adjustment of status based on (as relevant here) a labor certification, which was not at issue in *Bayo*. He also argues that, because he was eligible for adjustment of status under § 245(i), the removal-hearing waiver prejudiced him by hindering his pursuit of that relief.

Before we can address the merits of de Tommaso's arguments, however, we must first consider any potential limits on our jurisdiction. The government notes that the 30-day filing deadline to obtain judicial review of a removal order is jurisdictional and argues that

we cannot hear this case because de Tommaso filed his petition more than 30 days after the Department ordered him removed on January 29, 2009. *See Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006); *Sankarapillai v. Ashcroft*, 330 F.3d 1004, 1005-06 (7th Cir. 2003). De Tommaso does not dispute the filing date, but he asserts that his appeal is nonetheless timely because the Department did not issue a final order of removal until it refused to reopen or reconsider his case, and he filed his petition 10 days after that decision. But de Tommaso's assertion is incorrect. The title of the document that the Department furnished to de Tommaso on January 29, 2009, states without qualification that he is "Ordered Removed." *See generally,* Ira J. Kurzban, IMMIGRATION LAW SOURCEBOOK, 1216 (12th ed. 2010) (explaining that, in cases involving entrants under the Visa Waiver Program, the Department has authority to issue final orders of removal). Moreover, the order's finality was not affected by a later-filed motion to reopen or reconsider. *See Stone v. INS*, 514 U.S. 386, 401-03 (1995); *Gao v. Gonzales*, 464 F.3d 728, 729 (7th Cir. 2006). By waiting to file his petition until after the agency had denied his motion to reopen or reconsider, de Tommaso lost any opportunity he had to challenge the merits of the underlying decision. We therefore dismiss his petition for lack of jurisdiction to the extent it challenges the removal order.

This is not the end, though, because de Tommaso did file his petition within 30 days of the denied motion to reopen or reconsider. We have jurisdiction to review denied motions to reopen and reconsider for abuse of discretion, *see Kucana v. Holder*, 130 S. Ct. 827 (2010); *Raghunathan v. Holder*, 604 F.3d 371, 376 (7th Cir. 2010), but de Tommaso's brief does not explain how the Department erred in deciding that motion. Instead, de Tommaso devotes his entire appeal to arguing that he is eligible for permanent residency under § 245(i) and how the removal-hearing waiver prejudiced his ability to pursue that adjustment. Because these arguments challenge only the underlying removal order, de Tommaso has abandoned any challenge to the denied motion to reopen or reconsider. *See Asere*, 439 F.3d at 380-81; *Brucaj v. Ashcroft*, 381 F.3d 602, 611 n.7 (7th Cir. 2004).

But even treating de Tommaso's brief as challenging the denial of his motion to reopen and reconsider, we still must deny his petition because the Department did not abuse its discretion in denying that post-removal motion. *See Kucana*, 130 S. Ct. at 834; *Raghunathan*, 604 F.3d at 376; *Selimi v. Ashcroft*, 360 F.3d 736, 739 (7th Cir. 2004). As already mentioned, de Tommaso argues that his eligibility for adjustment under § 245(i) distinguishes his case from *Bayo* because that case did not involve the same adjustment-of-status provision. But this factual difference is immaterial to the consequences of an otherwise knowing and voluntary waiver under the Visa Waiver Program. In *Bayo* we held that we lacked authority to consider whether an alien who entered under the Visa Waiver Program could remain in the United States "on some other ground, such as, for example by adjusting his status." 593 F.3d at 500. The difference between an entrant who wants to

resist removal through a marriage-based adjustment of status and one who seeks labor-based adjustment is irrelevant to the effect of the waiver, which is the loss of the right to contest removal. The Department therefore committed no abuse of discretion by refusing to reopen or reconsider on this ground.

De Tommaso also argues that the waiver prejudiced his ability to seek relief that was otherwise available to him at a removal hearing, namely review of the Department's denial of his petition to adjust his status under § 245(i). But that is the very purpose of a valid waiver: it precludes aliens admitted under the Program from objecting to removal proceedings based on requests to adjust status. *Bayo*, 593 F.3d at 500. Furthermore, even apart from the waiver, the arguments that de Tommaso advances merely attack the merits of the agency's discretionary decision denying his application. Those arguments cannot be considered in this appeal because we lack jurisdiction to review discretionary decisions regarding an alien's ability to seek adjustment of status under § 245(i). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010); *Jarad v. Gonzales*, 461 F.3d 867, 868-69 (7th Cir. 2006). Accordingly, for this reason as well, the Department did not abuse its discretion in denying his post-removal motions.

The petition for review is DISMISSED in part and DENIED in part.