NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KERRI S. KUHLMANN,**
*Petitioner*

**v.**

**DEPARTMENT OF LABOR,**
*Respondent*

**MERIT SYSTEMS PROTECTION BOARD,**
*Intervenor*

---

2024-1527

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0437-W-1.

---

**ON PETITION AND MOTION**

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

Before the court are Kerri S. Kuhlmann's petition for panel rehearing of the aspect of the court's June 25, 2024 remand order that denied her motion to vacate the initial

decision in this matter, ECF No. 28, and Ms. Kuhlmann's motions to (1) take judicial notice of a June 20, 2024 decision of the Merit Systems Protection Board and modify the court's June 25, 2024 remand order, ECF No. 22, and (2) vacate the Board's June 20th decision and initial decision, ECF Nos. 23, 27. The Board responds to the motions.

Ms. Kuhlmann sought this court's review after the Board informed her that, due to a recusal, it lacked a quorum, making the initial decision the final decision of the Board. On June 25, 2024, we remanded to the Board for further proceedings in light of the Board's statement that there was now a quorum. Unbeknownst to the court (and prior to the issuance of our mandate), the Board purported to issue a new final decision on June 20, 2024.

"Normally a petition for judicial review, like an appeal from a judgment of a district court, transfers authority over the case," *Gao v. Gonzales*, 464 F.3d 728, 729 (7th Cir. 2006) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982)), and "[u]ntil the mandate issues[,] . . . any action by the [originating tribunal] is a nullity." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). The Board offers no authority for issuing a "new" final decision while the matter was still pending before this court and does not seriously defend it here. We therefore vacate that decision.

We deny Ms. Kuhlmann's request to vacate the initial decision, which she can challenge before the Board and then before this court if necessary. Finally, Ms. Kuhlmann asks the court to correct the June 25, 2024 order to indicate the Board purported to reopen her appeal before Chairman Harris revised her recusal position. That request, which the Board does not oppose, will be granted to the extent that the court will issue a corrected modified order.

Accordingly,

IT IS ORDERED THAT:

(1) ECF No. 23 is granted to the extent that the Board's June 20, 2024 decision is vacated.

(2) ECF No. 22 is granted to the extent that the court will issue a corrected June 25, 2024 order.

(3) The petition for panel rehearing is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 12, 2024
Date