**Ignacio LOPEZ–RUIZ, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 01–70285.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.[*]

Filed Aug. 2, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for the petitioner.

Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, Linda S. Wendtland, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondent.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

## ORDER

Ignacio Lopez–Ruiz timely appealed to this court the BIA's decision to affirm an order for his removal. Lopez–Ruiz' substantive argument is that his drug-related criminal conviction in 1998 was not for an aggravated felony. The 1998 California conviction, which formed the only basis for Lopez–Ruiz' removal, has since been vacated. On April 29, 2002, the BIA granted a motion to reopen and remanded to the Immigration Judge (IJ) so that the IJ could consider the pertinence, if any, to his immigration case of the vacating of Lopez–Ruiz' sentence.

Lopez–Ruiz asks us to hold his appeal in abeyance pending a new administrative decision by the BIA. The government asks us to dismiss for lack of jurisdiction.

The BIA's granting of the motion to reopen means there is no longer a final decision to review. This court only reviews final orders of removal. *See, e.g.,* 8 U.S.C. §§ 1252(a)(1), 1252(b)(1). In *Escobar Ruiz v. INS*, 838 F.2d 1020, 1022 (9th Cir.1988), *overruled on other grounds by Ardestani v. INS*, 502 U.S. 129, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991), for example, we dismissed a petition for review as moot where the BIA ordered deportation proceedings reopened following oral argument on the petition for review.

Lopez–Ruiz nonetheless asks us to hold this appeal in abeyance, presumably to retain his authority to raise the issues involved in his current appeal if the BIA rules against him once again. The BIA granted the motion to reopen only for consideration of the fact that Lopez–Ruiz' conviction has been vacated. Lopez–Ruiz' current appeal is on different grounds, that the offense for which he was convicted was not an aggravated felony. *See* 8 U.S.C. § 1101(a)(43); 8 U.S.C. § 1227(a)(2)(A)(iii).

Even if there were authority, there would be no need to hold the current appeal in abeyance in order to protect petitioner's rights. If the BIA decides to reinstate the order of removal, Lopez–Ruiz will be able to appeal that final removal decision on *any* ground which he has raised before the BIA before the final order of removal, not just the one that caused reopening. *See* 8 U.S.C. § 1252(b)(9) ("Consolidation of questions for judicial review. Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.").

We therefore DISMISS this petition for lack of jurisdiction without prejudice.