

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2005

# Luis-Feliz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Luis-Feliz v. Atty Gen USA" (2005). *2005 Decisions.* Paper 430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3301

———————

CARLOS ANGEL LUIS-FELIZ,

Petitioner

v.

*ALBERTO GONZALES, Attorney General
of the United States,

Respondents

*(Amended pursuant to Rule 43(c), Fed. R. App. Pro.)

———————

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(No. A43-047-282)

———————

Submitted pursuant to LAR 34.1(a)
September 26, 2005

Before: ALITO, AMBRO, and LOURIE,* <u>Circuit Judges</u>

(Opinion Filed October 12, 2005)

———————

    *       Honorable Alan D. Lourie, United States Circuit Judge for the Federal
Circuit, sitting by designation.

## OPINION OF THE COURT

PER CURIAM:

Carlos Angel Luis-Feliz seeks review of a decision by the Board of Immigration Appeals ("BIA") vacating and remanding a decision by an Immigration Judge ("IJ"). The IJ ordered these proceedings terminated after concluding that Luis-Feliz was a United States citizen. Because the BIA disagreed with that assessment, it remanded to the IJ for a removability determination. This petition followed. Because we write for the parties, we do not set out the facts. We will dismiss this petition for want of jurisdiction.

### I.

Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review only a final order of removal. See Popal v. Gonzales, 416 F.3d 249, 252 n. 1 (3d Cir. 2005). An "order of removal" is a determination that an alien is removable. See 8 U.S.C. § 1101(a)(47)(A) (defining the term "order of deportation"); Avila-Macias v. Ashcroft, 328 F.3d 108, 111-12 (3d Cir. 2003) (concluding that there is no difference between "removal" and "deportation"). That order becomes final when the BIA affirms the IJ's decision or when the time for appeal to the BIA expires. See 8 U.S.C. § 1101(a)(47)(B).

### II.

The BIA has decided that Luis-Feliz is an alien, but neither it nor the IJ has yet determined that he is removable. As such, there is no order of removal (much less a final

2

one) before us, and we lack jurisdiction to hear this petition. <u>See</u> 8 U.S.C. § 1252(a)(1);

<u>Lopez-Ruiz v. Ashcroft</u>, 298 F.3d 886, 887 (9th Cir. 2002) (order).

III.

For this reason, we must dismiss Luis-Feliz's petition for review without prejudice.

3