Tooraj **MAAREF**, a.k.a. Tooraj Marref, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–77191.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.

Withdrawn from Submission Dec. 8, 2006.

Resubmitted July 9, 2007.

Filed July 13, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, Fatma Marouf, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

### MEMORANDUM **

#### I.

Petitioner Tooraj Maaref seeks review of a decision of the Board of Immigration Appeals ("BIA") finding him ineligible for former INA § 212(c) relief. We have jurisdiction under 8 U.S.C. § 1252. Because the ground of deportability sustained against Maaref lacks a statutory counterpart in the grounds of inadmissibility, § 212(c) relief is unavailable. *In re Brieva–Perez*, 23 I. & N. Dec. 766 (BIA 2005); *see also In re Blake*, 23 I. & N. Dec. 722 (BIA 2005). In *Abebe v. Gonzales*, 493 F.3d 1092 (9th Cir.2007), we rejected the objections to the *Blake/Brieva* rule that are raised in Maaref's petition.

#### II.

Maaref also argues that his right to counsel was violated during an April 23, 2003 hearing on his application for relief under the Convention Against Torture

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("CAT"). We have jurisdiction over this claim notwithstanding the fact that Maaref voluntarily dismissed a prior petition for review. When, as here, the BIA grants a motion to reopen and subsequently reinstates an order of removal, an alien may raise "*any* ground which he has raised before the BIA before the final order of removal, not just the one that caused reopening." *Lopez–Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir.2002). Maaref has previously raised the right to counsel issue before the BIA.

■ "To infuse the critical right to counsel with meaning, we have held that IJs must provide aliens with reasonable time to locate counsel and permit counsel to prepare for the hearing." *Biwot v. Gonzales,* 403 F.3d 1094, 1098–99 (9th Cir. 2005). The IJ's insistence that the April 23 CAT hearing continue despite Mr. Fodiman's withdrawal as Petitioner's attorney was a clear abuse of discretion that allowed "a myopic insistence upon expeditiousness to render [Maaref's] right to counsel an empty formality." *Id.* at 1099 (citation and quotations omitted).

Nor did Maaref waive his right to counsel effectively. In order for a waiver to be valid, an IJ must "(1) inquire specifically as to whether [the alien] wishes to continue without a lawyer, and (2) receive a knowing and voluntary affirmative response." *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004) (citations omitted). Although Maaref indicated that he did not want Mr. Fodiman to continue as his attorney, this did not mean that Maaref preferred to continue without *any* representation. Indeed the IJ's decision to appoint Maaref's sister as his "lawyer" for the day shows the IJ was aware that Maaref needed and desired representation. In addition, the IJ should have asked whether Maaref desired a continuance to seek replacement counsel. *See Castro–Nuno v. INS,* 577 F.2d 577 (9th Cir.1978) (stating that the IJ must make affirmative efforts to preserve alien's right to counsel including granting continuances where appropriate).

■ Whether an alien must demonstrate prejudice when he has been denied the right to counsel in removal proceedings is an unsettled question in this Circuit. *Biwot,* 403 F.3d at 1100. However, Maaref has demonstrated prejudice because he has shown that "his rights were violated 'in a manner so as potentially to affect the outcome of the proceedings.'" *Id.* (quoting *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999)). With an attorney Maaref could have presented *some* evidence in support of his claims and would not have been forced to respond to questions without knowledge of their legal import.

We **DENY** the petition with respect to the claim under former § 212(c). We **GRANT** the petition as to the right to counsel claim and **REMAND** with instructions to remand to the IJ for a rehearing on Maaref's application for relief under the Convention Against Torture.