**Victor RANGEL–FLETES, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 04–75993.**

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Manuel Rios, III, Rios Cantor, P.S., Seattle, WA, for Petitioner.

Mary Jane Candaux, Assistant Director, Francis William Fraser, I, Esquire, Senior Litigation Counsel, Donald E. Keener, Esquire, Melissa Lynn Neiman–Kelting, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Victor Rangel–Fletes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review for abuse of discretion the denial of a motion to reconsider. *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). The BIA did not abuse its discretion when it determined that Rangel–Fletes failed to submit proof that his I–140 visa petition had been approved and concluded that his case should therefore not be remanded. *See Agyeman v. INS,* 296 F.3d 871, 878 (9th Cir.2002) (an approved visa petition is a prerequisite for adjustment of status).

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

828

We do not consider Rangel–Fletes' challenge to the Administrative Appeals Office's 2005 decision denying his I–140 visa petition, because our review is limited to the administrative record. *See Chouchkov v. INS,* 220 F.3d 1077, 1080 (9th Cir.2000).

 We have jurisdiction to review the BIA's March 27, 2003, order dismissing Rangel–Fletes' appeal of an IJ's decision denying his application for withholding of removal, *Lopez–Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir.2002) (order), and review for substantial evidence factual findings, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence supports the agency's denial of Rangel–Fletes' withholding of removal claim because his experiences in Mexico do not rise to past persecution. *Cf. Hernandez–Montiel v. INS,* 225 F.3d 1084, 1097–98 (9th Cir.2000) (holding that gay man was persecuted where he was attacked by a mob and twice raped by Mexican police); *see Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (distinguishing between persecution and harassment or discrimination). Substantial evidence further supports the agency's determination that Rangel–Fletes failed to establish a clear probability that he would be persecuted based on his sexual orientation upon his return to Mexico. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**