**Ganit Micheil Gergies KOUSSA; Maged S. Nashid, aka Maged Shahier Philip Nashid, Petitioners,**

v.

**Eric H. HOLDER, Jr.*, Attorney General, Respondent.**

No. 03–70599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 4, 2009.

Filed Sept. 29, 2009.

---

* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed.

R.App. 43(c)(2).

Howard Robert Davis, Law Offices of Howard R. Davis, Santa Monica, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Jane Scadron, Assistant Director, Lindsay Elizabeth Williams, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge **
.

MEMORANDUM ***

Petitioners Ganit Micheil Gergies Koussa and her son, Maged Nashid,[1] petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. The IJ denied relief after making an adverse-credibility determination. We conclude that the IJ's adverse-credibility determination is not supported by substantial evidence. We therefore grant Koussa's petition and remand on an open record. We dismiss Nashid's petition for lack of jurisdiction in light of the BIA's September 24, 2007, order to reopen and terminate his removal proceedings. *See Lopez–Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir.2002) (order).

Where, as here, the BIA adopts the IJ's decision without issuing an opinion, it is the IJ's decision that is reviewed as the final agency determination. *Knezevic v. Ashcroft,* 367 F.3d 1206, 1210 (9th Cir. 2004). We review an adverse-credibility determination for substantial evidence. *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007). Even if some factors relied on by the IJ are unsupported or irrelevant, we will uphold an adverse-credibility finding "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution." *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (internal quotation and citation omitted).[2]

The IJ concluded that the events on which testimony was given by Koussa and her son, if they occurred as described by Petitioners, would establish persecution. However, the IJ made an adverse-credibility determination as to Koussa and her son on the basis of inconsistencies and actions that he did not find credible.

The IJ found it inconsistent (1) that Koussa alleged "in her affidavit that [her

---

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Although Maged Nashid's name is variously spelled in the briefs and record, we adopt the spelling used in his passport.

2. The Real ID Act restricts our review of an IJ's credibility determination for applications filed after May 11, 2005, but Koussa's asylum application was filed prior to that date. *See Kaur v. Gonzales,* 418 F.3d 1061, 1064 n. 1 (9th Cir.2005).

colleague] attempted to rape her" but she did not claim in her hearing testimony that she was raped; (2) that Koussa's "written statement says she was detained three days, but her application says she was 'almost detained' "; (3) that Koussa's written statement does not contain the allegation made in her hearing testimony that two persons from the security force came to her home on June 3, took her for questioning, and beat her; (4) that Koussa claimed "the passport was obtained on Tuesday (June 3) and later the son stated he obtained both his and his mother's passport on June 1"; and (5) that Koussa's application for asylum "indicates that [Koussa] confronted her boss and was taken into custody on the 27th of May, whereas her testimony at the hearing was that she was taken in on the 28th of May." After our review of the record, we conclude that these inconsistencies, most of which are substantially eliminated when viewed in the context of the entire record, do not go to the heart of Koussa's claim and are minor discrepancies. *See Li*, 378 F.3d at 964; *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding."). Hence they cannot support an adverse credibility determination.

Nevertheless, the IJ also noted two additional inconsistencies, both of which do go to the heart of Koussa's claim. First, the IJ found it inconsistent that Koussa claimed in her written statement that July went slowly with many arrests, but she testified at the hearing that there were no further problems between the detention on June 3 and when she left for the United States. Second, the IJ found it inconsistent that Koussa's passport bears an issue date of May 24, 1998, but Koussa testified that the passport-renewal application was filled out in response to the detention and mistreatment occurring from May 28 through June 1. However, Koussa claims, and the government does not contest, that Koussa was not confronted by the IJ or the government attorney about these or any of the other inconsistencies noted above.[3] The government provides no supporting cases for its argument that either a blanket opportunity to amend written materials or representation by counsel at a hearing is sufficient under these circumstances to meet the requirement that Koussa be given a reasonable opportunity to offer an explanation of any perceived inconsistencies. *Soto–Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir.2009) ("The IJ must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.") (internal quotation and citation omitted). We therefore reject the government's contention that these inconsistencies are sufficient to support the adverse credibility determination.

The IJ separately concluded that it was questionable that (1) Nashid could renew the passport without Koussa; (2) Nashid could have obtained the passports the

---

3. The IJ did mention to Nashid at the hearing that Koussa's passport bore an issue date of May 24, 1998. Nashid's ability to explain the inconsistency, however, was impeded by the colloquy that ensued between the IJ and the attorneys, after which the IJ ended questioning. Given that discussion concerning the issue date of the passport was aborted, Nashid was not (and certainly Koussa was not) given a reasonable opportunity to explain the inconsistency. *Soto–Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir.2009).

same day he asked for them; (3) Koussa could obtain a United States visa with no appointment and no appearance on June 4;[4] and (4) Koussa did not seek medical treatment for her injury suffered during the detention. The IJ's conclusions on these points are based on impermissible speculation. *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding. . . .").

When, as here, the IJ's adverse-credibility determination is not supported by substantial evidence, we may remand on an open record. *See Soto–Olarte*, 555 F.3d at 1095. There are significant inconsistencies between Koussa's testimony and her supporting documentation that, had the IJ confronted Koussa with them, might support an adverse-credibility determination. We remand so that the BIA, through its immigration judge, may confront Koussa with the potential inconsistencies that we have said may be material and make its credibility determination in light of Koussa's responses. *Id.* at 1096.

Nashid's petition for review is **DISMISSED**; Koussa's petition for review is **GRANTED** and **REMANDED**.

---

4. The IJ is incorrect that Koussa obtained the visa with "no appointment and no appearance." Koussa testified that she went to the American Embassy "very early" on the day after the second detention, June 4, to obtain the visa.