FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEN SHI LIU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | Nos. 08-73799<br>08-74385<br><br>Agency No. A095-740-412<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated cases, Wen Shi Liu, a native and citizen of China,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") July 31,

2008, order dismissing his appeal from an immigration judge's ("IJ") decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in No. 08-73799, and the BIA's October 8, 2008, order granting his motion to reconsider and dismissing his appeal of the IJ's denial of asylum, withholding of removal, and CAT relief in No. 08-74385. Our jurisdiction is governed 8 U.S.C. § 1252. We review for substantial evidence factual findings, and we review de novo the agency's legal determinations. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss the petition for review in No. 08-73799, and deny in part and dismiss in part the petition for review in No. 08-74385.

With respect to petition No. 08-73799, the BIA's October 8, 2008, order granted Liu's motion to reconsider and relied upon a different rationale to affirm the IJ than the prior July 31, 2008, order. Therefore, the July 31, 2008, order is not a final order of removal, and we lack jurisdiction over the petition for review as to that order. *See Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002). Accordingly, we dismiss the petition for review in No. 08-73799.

With respect to petition No. 08-74385, Liu concedes in his opening brief that he has not suffered past persecution, and therefore has waived any challenge to that finding by the BIA. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Substantial evidence supports the BIA's determination that Liu failed to

demonstrate a well-founded fear of future persecution given the lack of testimony indicating that police maintained a continuing interest in arresting him as a result of his religious activities. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future harm was too speculative to compel a finding of well-founded fear). Accordingly, we deny the petition in No. 08-74385 as to Liu's asylum claim.

Because Liu has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's denial of CAT relief because Liu failed to demonstrate that it was more likely than not he would be singled out for torture. *See Wakkary*, 558 F.3d at 1068.

Finally, we lack jurisdiction to consider Liu's contention that he can demonstrate a well-founded fear of persecution based upon his illegal departure from China, because Liu failed to exhaust this argument before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**No. 08-73799: PETITION FOR REVIEW DISMISSED.**

**No. 08-74385: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**