10-4812-ag
Gafurova v. Holder

BIA
Hom, IJ
A098 415 313
A098 415 296

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

GULNARA GAFUROVA, IRINA KULICHENKOVA,
> *Petitioners,*

v.                                    10-4812-ag
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:      Theodore N. Cox, New York, New York

FOR RESPONDENT:       Ada E. Bosque, Senior Litigation
                      Counsel; Yamileth G. HandUber, Trial
                      Attorney, Office of Immigration
                      Litigation, Civil Division, United
                      States Department of Justice,
                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Gulnara Gafurova and Irina Kulichenkova, natives of the former Soviet Union and citizens of Uzbekistan, seek review of an October 26, 2010 order of the BIA affirming the September 17, 2008 decision of Immigration Judge ("IJ") Sandy K. Hom denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gulnara Gafurova*, Nos. A098 415 313/296 (B.I.A. Oct. 26, 2010), *aff'g* Nos. A098 415 313/296 (Immig. Ct. N.Y. City Sept. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Subsequent to the filing of the petition for review, the BIA granted Kulichenkova's motion to reopen and remanded her case to an immigration judge for further proceedings and entry of a new decision. *See In re Irina Kulichenkova*, No. A098 415 296 (B.I.A. Apr. 29, 2011). Accordingly, there is no longer a final order of removal against her over which we may exercise jurisdiction, and we dismiss the petition for

2

review as it pertains to her. *See* 8 U.S.C. § 1252(a)(1), (b)(9); *see also Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002). A new petition for review timely filed following entry of any future final order of removal against Kulichenkova will suffice to challenge both the final order and the BIA's October 2010 order to the extent it remains relevant to her.

However, we have jurisdiction to consider Gafurova's petition for review because there is a final order of removal against her. Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-68 (2d Cir. 2008).

Here, Gafurova's admission that she filed a false asylum application provides "specific, cogent" grounds for the agency's adverse credibility determination. *See Balachova v. Mukasey*, 547 F.3d 374, 380 (2d Cir. 2008). The agency reasonably rejected her argument that her admission that she had lied established that her other testimony was truthful. *See Majidi v. Gonzales*, 430 F.3d

3

77, 80 (2d Cir. 2005); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir. 2005).

We defer to the agency's conclusion that Gafurova's false application was not forced by her prior attorney, and we find no error in its conclusion that she did not establish a valid claim of ineffective assistance of counsel because she failed to comply with the procedural requirements for raising such a claim set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005).

Moreover, the agency reasonably rejected those aspects of Gafurova's story that were corroborated by letters from her family because the only evidence to demonstrate the reliability of those letters was her testimony. As this Court has noted, the doctrine of *falsus in uno, falsus in omnibus* may be used to "discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (emphasis in original). In sum, the agency's adverse credibility determination was supported by substantial evidence.

4

Because Gafurova has not presented any challenges to the agency's conclusion that she did not establish that she faced future harm on account of her ethnicity separate from her assertions about the past persecution she and her daughter suffered in Uzbekistan, the agency's adverse credibility determination forecloses her claims for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk