DLD-173                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3764
_____

SUPRAMANIYAM SATHEESKUMAR,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-230-099)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted on Petitioner's Motion to Hold the Case in Abeyance and Respondent's
Opposition and Motion to Dismiss
May 3, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: May 15, 2012)
_____

OPINION
_____

PER CURIAM

        In October of 2011, Supramaniyam Satheeskumar, a native and citizen of Sri

Lanka, petitioned for review of a Board of Immigration Appeals (BIA) decision denying

his applications for asylum, withholding of removal, and protection under the Convention

Against Torture (CAT). The matter proceeded to briefing, and both he and the Government have submitted their primary arguments in the case.

At the same time, Satheeskumar has continued to pursue administrative remedies. He filed in the BIA a motion for relief premised on changed circumstances, to which he attached documents addressing the treatment of unsuccessful asylum seekers upon their return to Sri Lanka as well as new material obtained from the Sri Lankan consulate in New York. In light of this evidence, the BIA issued an order in March of 2012 "reopen[ing] th[e] case and remand[ing] the record to the Immigration Judge for further proceedings relating to [Satheeskumar's] request for protection under the [CAT]." The BIA separately denied Satheeskumar's motion as untimely to the extent that it sought reconsideration.

Before us are two motions that arise from the BIA's March order. The parties agree that judicial review is improper at this time, but they differ on what approach must be taken in the interim. Satheeskumar requests that we hold his petition for review in abeyance "until the Agency renders a final resolution in the reopen[ed] matter." In opposition, the Government moves to dismiss the petition for review, arguing that the "reopening of Satheeskumar's proceedings renders the removal order against him non-final and unexecutable," thereby depriving us of jurisdiction.

This Court's jurisdiction is limited to final orders of removal. See 8 U.S.C. § 1252(a)(1); Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). While an agency order may satisfy the finality requirement at the time the petition for review is first filed,

2

subsequent administrative proceedings can affect finality, limiting or eliminating the jurisdiction of the reviewing Court of Appeals. Most significantly, "the grant[ing] of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings." Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004). This holds true even if reopening is limited to a subset of the alien's original claims. See Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002) (per curiam); cf. Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009) (per curiam) (concluding that a BIA order, which affirmed the denial of asylum but remanded on withholding and CAT, was not final because the remanded matters could directly affect removability).[1]

Here, while the BIA's decision to reopen left unaffected its asylum and withholding conclusions, it remanded for further proceedings on the CAT claim, which could lead to relief from removal. See Pierre v. Att'y Gen., 528 F.3d 180, 186 (3d Cir.

---

[1] Our decision in Yusupov v. Att'y Gen., 518 F.3d 185 (3d Cir. 2008), is distinguishable. In Yusupov, the BIA remanded proceedings "for the purpose of allowing [DHS] the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h)." Id. at 196 (alterations in original). We observed that the resolution of those "administrative matters" would not "affect the controlling removal determination," and hence found it proper to exercise our jurisdiction to review what was otherwise a final order. Id. In this case, however, a favorable finding before the Immigration Judge on the pending CAT application would indeed affect the removal determination, rendering Yusupov's jurisdictional holding inapposite.

Nor does the alternative March 2012 BIA holding denying reconsideration affect our decision. "An adverse BIA decision on the merits (and accompanying order of removal) and a BIA order denying a motion to reconsider are 'two separate final orders.'" Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012) (quoting Stone v. INS, 514 U.S. 386, 405

3

2008). Accordingly, because the earlier BIA order is no longer final, we hold that we lack jurisdiction over this petition for review, and will therefore grant the Government's motion to dismiss.

Our decision today in no way precludes Satheeskumar from seeking judicial review of the BIA's denial of asylum and withholding of removal once the agency has fully adjudicated his CAT application and entered a final order. Chupina, 570 F.3d at 105. Further, should the immigration judge deny CAT relief, Satheeskumar need not appeal that decision to the BIA in order to preserve his other, already-exhausted claims for our review, although he must take an appeal if he wishes to exhaust and preserve the agency's CAT determination. Id. at 105 & n.4. Thus, there is "no need to hold the current [proceedings] in abeyance in order to protect [his] rights," as he "will be able to appeal [the eventual] final removal decision on any ground which he has raised before the BIA before the final order of removal, not just the one that caused reopening." Lopez-Ruiz, 298 F.3d at 887.

In sum, and for the reasons expressed above, the Government's motion to dismiss will be granted. Satheeskumar's motion to hold the case in abeyance is denied.

---

(1995)). Ergo, the BIA's denial of reconsideration could not serve to reinstate the finality of its merits decision, and therefore cannot confer jurisdiction.