FILED
United States Court of Appeals
Tenth Circuit

February 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE JESUS SANCHEZ-NARANJO,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 12-9556
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Jose Jesus Sanchez-Naranjo petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration

Judge (IJ) denying his application for adjustment of status and ordering his removal.

Because the BIA has since reopened the proceedings and remanded for a new

decision by the IJ, we dismiss the petition for lack of jurisdiction.

---

[*]        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) solely to review final orders of removal. *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1144 (10th Cir. 2011); *Hamilton v. Gonzales*, 485 F.3d 564, 566 (10th Cir. 2007). "[T]he grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings." *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004), *quoted in Ribas v. Mukasey*, 545 F.3d 922, 931 (10th Cir. 2008). Thus when, as here, the BIA reopens a previously concluded removal proceeding and remands for a new decision by the IJ, the prerequisite for circuit court jurisdiction ceases to exist and any pending petition for review must be dismissed. *See, e.g.*, *Gao v. Gonzales*, 464 F.3d 728, 729-30 (7th Cir. 2006); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002); *Satheeskumar v. Att'y Gen. of U. S.*, 480 F. App'x 121, 123 (3d Cir. 2012) (following *Lopez-Ruiz*); *Gafurova v. Holder*, 448 F. App'x 139, 140 (2d Cir. 2011) (same).

Seeking to avoid that conclusion, Mr. Sanchez-Naranjo argues that we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), because his petition for review raises constitutional issues. He misapprehends the effect of § 1252(a)(2)(D), which is not an independent grant of jurisdiction. Rather, it only *preserves* our jurisdiction under § 1252(a), in the face of certain other statutory prohibitions or constraints, for "constitutional claims or questions of law raised upon a *petition for review filed . . . in accordance with this section*." *Id.* (emphasis added). A petition for review obviously fails to satisfy the emphasized condition if it does not relate to a final

- 2 -

removal order as specifically required by § 1252(a)(1). As this court clarified in *Hamilton*, § 1252(a)(2)(D) "did not confer an expanded grant of jurisdiction but merely confirmed our authority to review constitutional claims and questions of law . . . only after a final order of removal has been entered." *Hamilton*, 485 F.3d at 567 (internal quotation marks omitted) (holding § 1252(a)(2)(D) did not provide basis for judicial review of legal challenge to visa revocation absent final removal order); *see also Green v. Napolitano*, 627 F.3d 1341, 1347 (10th Cir. 2010) (following *Hamilton* to hold § 1252(a)(2)(D) could not provide basis for judicial review of constitutional challenge to visa revocation absent final removal order).

In sum, the petition for review no longer has a jurisdictional foundation in § 1252(a)(1), and § 1252(a)(2)(D), by its own terms, has no operation here. Once the BIA reopened and remanded the underlying proceeding for a new determination by the IJ, there ceased to be a final removal order properly before this court for review.

The petition for review is dismissed.

Entered for the Court

Monroe G. McKay
Circuit Judge

- 3 -