**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHOT MAYILYAN, a.k.a. Igor Georgiyevich; SATIK ALIKHANYAN; TATEVIK MAYILYAN; ASTIGHIK MAYILYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70416 <br><br> Agency Nos. A095-687-498 <br> A096-342-849 <br> A096-342-850 <br> A096-342-851 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Ashot Mayilyan, Satik Alikhanyan, Tatevik Mayilyan, and Astighik

Mayilyan, natives and citizens of Armenia, petition for review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and grant in part the petition for review, and we remand.

With respect to Tatevik (A096-342-850), the BIA reopened and terminated removal proceedings for consideration of her application for adjustment of status. Consequently, there is no final order of removal in effect for Tatevik and the court lacks jurisdiction over the petition for review as to her. *See* 8 U.S.C. § 1252(a)(1); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (order) (dismissing, without prejudice, for lack of jurisdiction). Accordingly, we dismiss the petition as to Tatevik.

With respect to Astighik, in finding her asylum application was untimely-filed, the agency failed to consider whether her inclusion as a derivative applicant on her mother's timely-filed application constituted an extraordinary circumstance. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, we remand for the agency to consider this in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

2                                                                                    10-70416

Where, as here, the agency did not make an adverse credibility finding, the court treats the petitioners' factual contentions as true. *See Navas v. INS*, 217 F.3d 646, 652 n.3 (9th Cir. 2000). Ashot and Satik testified they were politically active in the People's Party of Armenia and were whistleblowers. They further testified that their car was bombed; they were detained, harassed and beaten; Satik was fired from her position as an inspector in the department of education; their house was searched; and later their house was set on fire, largely destroying it and causing Ashot to be hospitalized for 10 days. We conclude petitioners' activities, the timing of the harms they suffered, and the statements made to them compel the conclusion petitioners suffered these harms, at least in part, on account of their political opinion. *See Deloso v. Ashcroft*, 393 F.3d 858, 865-66 (9th Cir. 2005) (timing of attacks indicated they occurred on account of a protected ground); *Gafoor v. INS*, 231 F.3d 645, 651-52 (9th Cir. 2000) (statements made to petitioners were circumstantial evidence that persecutors were motivated by race and political opinion); *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000) ("When the alleged corruption is inextricably intertwined with governmental operation, the exposure and prosecution of such an abuse of public trust is necessarily political."). Further, the record compels the conclusion that the harms petitioners suffered, considered cumulatively, rose to the level of persecution. *See Gui v. INS*, 280 F.3d

3

1217, 1229 (9th Cir. 2002) (harassment, wiretapping, staged car crashes, detention, and interrogation constituted persecution). Because petitioners established past persecution, we remand their asylum and withholding of removal claims to the BIA to apply the presumption of future fear in its analysis of their claims. *See* 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(1); *Ventura*, 537 U.S. at 16-18.

In summary, we dismiss the petition as to Tatevik, and grant the petition as to Ashot, Satik, and Astighik, and we remand their asylum and withholding of removal claims for further proceedings consistent with this disposition. *See id*.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**