**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3598
_____

LINDSWORTH BROWN-SESSAY, Petitioner

VS.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-576-183)
Immigration Judge:  Honorable Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2013

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed:  May 28, 2013)
_____

OPINION
_____

PER CURIAM

Lindsworth Brown-Sessay ("Sessay")[1] petitions for review of the Board of

Immigration Appeals' ("BIA") August 24, 2012 decision upholding the Immigration

_____

[1] Brown-Sessay's filings refer to himself as "Sessay," and we will do the same here.

Judge's ("IJ") decision ordering Sessay's removal to Jamaica. While this case was at the briefing stage, Sessay moved the BIA to reopen his removal proceedings. The BIA subsequently granted that motion and remanded the administrative record to the IJ for further proceedings.

In light of the BIA's grant of reopening, both parties now argue that Sessay's petition for review should be dismissed for lack of jurisdiction. We agree. Our jurisdiction under 8 U.S.C. § 1252(a)(1) is limited to the review of "final order[s] of removal." Although the BIA's August 24, 2012 decision constituted a final order of removal at the time Sessay filed his petition, the BIA's subsequent grant of reopening effectively vacated that decision. See Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004); Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002) (order). Because there is no longer a final order of removal before us, we will dismiss Sessay's petition for lack of jurisdiction.[2]

---

[2] Sessay's brief, filed before the BIA's grant of reopening, included requests for miscellaneous relief. To the extent Sessay continues to seek that relief, those requests are hereby denied.