**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3309
_____

SUPRAMANIYAM SATHEESKUMAR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-230-099)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2014

Before:  CHAGARES, GARTH and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 04, 2014)
_____

OPINION
_____

PER CURIAM

Supramaniyam Satheeskumar, a Sri Lankan citizen of Tamil ethnicity, attempted

to enter the United States on November 20, 2010.  After a credible fear interview, the

1

Department of Homeland Security ("DHS") issued him a Notice to Appear charging him as removable under Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)]. On January 3, 2011, Satheeskumar submitted an application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). In support of his application, Satheeskumar claimed that he is eligible for relief because the Sri Lankan army believes that he supported the Liberation Tigers of Tamil Eelam ("LTTE"), a separatist group. Specifically, he alleged that the Sri Lankan army had beaten his brother and killed his uncle in the early 1990s, if not earlier. After those events, but before 1993, Satheeskumar dug bunkers for the LTTE. In April 2009, the Sri Lankan army forced him to stay in an internment camp, where he was beaten. He was able to escape the camp in February 2010 by paying a bribe.

An Immigration Judge ("IJ") found him removable, denied his applications for asylum and withholding of removal based on, inter alia, an adverse credibility determination, and concluded that he was not eligible for CAT protection. On September 15, 2011, the Board of Immigration Appeals ("BIA" or "Board") dismissed Satheeskumar's appeal, concluding that the IJ's adverse credibility determination was not clearly erroneous.[1]

---

[1] The Board further held that the IJ "correctly concluded that, even if [Satheeskumar's] testimony were deemed credible, his digging of bunkers for the LTTE constitutes material support for a terrorist organization and, as such, renders him statutorily ineligible for asylum or withholding of removal under the [INA]." See INA § 212(a)(3)(B)(iv)(VI) [8 U.S.C. § 1182(a)(3)(B)(iv)(VI)]. We need not consider whether the material support statute bars Satheeskumar's asylum and withholding claims because, as explained below,

2

In October 2011, Satheeskumar filed a petition for review of the BIA's September 15, 2011 order. At the same time, he filed a motion for relief with the BIA premised on changed circumstances in Sri Lanka. After full briefing of his petition before us, the BIA granted his motion to reopen and remanded the record to the IJ for further proceedings related to Satheeskumar's request for relief under the CAT. The Government then filed a motion to dismiss Satheeskumar's petition for review, and Satheeskumar filed a motion to hold his case in abeyance. We determined that the reopening of Satheeskumar's proceedings rendered the removal order non-final and granted the Government's motion to dismiss. See Satheeskumar v. Att'y Gen., 480 F. App'x 121, 123-24 (3d Cir. May 15, 2012). We specifically noted that our decision "in no way precludes Satheeskumar from seeking judicial review of the BIA's denial of asylum and withholding of removal once the agency has fully adjudicated his CAT application and entered a final order." Id. at 123.

On July 17, 2012, the IJ granted Satheeskumar CAT protection, holding that he "presented sufficient evidence to establish that he would 'more likely than not' personally be at risk of torture if he were removed to Sri Lanka" as a "returning Tamil asylum seeker." See Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 64 (3d Cir. 2007) (noting that, after implementation of the CAT, it became "the policy of the United States not to expel . . . or otherwise effect the involuntary return of any person to a country in which there

_____

the adverse credibility finding is supported by substantial evidence.

are substantial grounds for believing the person would be in danger of being subjected to torture. . . ." (alterations in original) (quoting Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub.L. No. 105–277, div. G., tit. XXII, § 2242, 112 Stat. 2681-822 (codified at 8 U.S.C. § 1231 note))); see also Ali v. Achim, 468 F.3d 462, 471 n.5 (7th Cir. 2006) ("Deferral of removal [under the CAT] does not confer permanent immigration status on an alien, and an alien who has been granted this form of relief may be removed to another country where there is no likelihood of torture." (citing 8 C.F.R. § 1208.17(b)(2))). The DHS did not appeal that decision to the BIA. Satheeskumar filed the instant petition for review on August 17, 2012.

We have jurisdiction under INA § 242.[2] Because the BIA adopted the findings of the IJ and also commented on the sufficiency of the IJ's determinations, we review the

---

[2] Because Satheeskumar filed his petition for review more than 30 days after entry of the BIA's September 15, 2011 order denying asylum and withholding of removal, our Clerk directed the parties to respond to the question of jurisdiction. INA § 242(b)(1) [8 U.S.C. § 1252(b)(1)] (providing that a petition for review must be filed within 30 days of entry of a challenged order). In response, both parties contend that we have jurisdiction. As noted above, the September 15, 2011 order was rendered non-final when the BIA granted Satheeskumar's motion to reopen. See Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004) (stating that "the grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."). This is true even though the proceedings were reopened with respect to only a subset of Satheeskumar's original claims. See Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002). After the BIA remanded proceedings to the IJ, the IJ determined that Satheeskumar qualified for CAT relief. This grant of protection under the CAT on July 17, 2012, constituted the "order of removal" because it required the IJ to determine that Satheeskumar is, in fact, removable. See Chupina v. Holder, 570 F.3d 99, 103-05 (2d Cir. 2009) (per curiam). That order became final on August 16, 2012, upon expiration of the 30-day appeal period. See 8 C.F.R. §§ 1003.38-.39. Accordingly, Satheeskumar's petition for review, filed on August 17, 2012, was timely, and allows us

decisions of both the BIA and the IJ.  Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir.

2008).  Our review of these decisions is for substantial evidence, considering whether

they are "supported by reasonable, substantial, and probative evidence on the record

considered as a whole."  Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (en

banc) (internal citation omitted).  We will uphold an adverse credibility determination

under the substantial evidence standard "'unless any reasonable adjudicator would be

compelled to conclude to the contrary.'"  Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir.

2008) (internal citation omitted).   Because Satheeskumar filed his applications for relief

after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods

upon which the adverse credibility finding is based need not go to the heart of his claim.

Id. at 119 n.5.  Rather, the REAL ID Act permits credibility determinations to be based

on observations of Satheeskumar's demeanor, the plausibility of his story, and the

consistency of his statements.  INA § 208(b)(1)(B)(iii) [8 U.S.C. § 1158(b)(1)(B)(iii)];

Gabuniya v. Att'y. Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).

    We conclude that the adverse credibility determination is supported by substantial

evidence.  The IJ identified four omissions and inconsistencies, "the cumulative effect of

[which] rendered [Satheeskumar's] testimony not credible":  (1) Satheeskumar testified

---

to review the denial of asylum and withholding of removal.  See Lopez-Ruiz, 298 F.3d at
887 (stating that petitioners are able to appeal an eventual "final removal decision on any
ground which [they] have raised before the BIA before the final order of removal, not just
the one that caused reopening.").

5

on cross examination that the Sri Lankan army destroyed his hardware store in 1996, but did not mention that incident in his written asylum application or during his direct testimony; (2) he testified that the army shot and killed his cousin in 1988, but failed to include that allegation in his written application; (3) he stated in his written application that he was beaten in the internment camp on "three different occasions," but testified that he was assaulted two times; and (4) he claimed in his asylum application that he helped the LTTE by digging bunkers "for nearly one year," but testified that he dug bunkers only "three times."

Although Satheeskumar has challenged each of these discrepancies/omissions, his responses to the first three of them are unavailing.[3] In particular, he attempts to characterize as "trivial" the destruction of his hardware store, the death of his cousin, and the beatings while in the internment camp. The details of those incidents, however, are central to Satheeskumar's underlying claim that he fears persecution by the Sri Lankan army. In this connection, we reject Satheeskumar's suggestion that we should ignore these inconsistencies because his asylum claim is based solely on his "escape[] from the camp in 2009." In sum, the inconsistencies indentified by the IJ clearly undermined Satheeskumar's credibility and, based on the record before us, we cannot find that "any reasonable adjudicator would be compelled" to reach a contrary conclusion than that reached by the IJ and BIA in this case. Gabuniya, 463 F.3d at 321.

---

[3] Satheeskumar's explanation regarding the extent of his work digging bunkers -- namely, that the three occasions on which he dug bunkers collectively took place over the course

For the foregoing reasons, we will deny the petition for review.

of a year – seemingly reconciles that discrepancy.