**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN OLMOS VASQUEZ, AKA Vanessa Olmos Vasquez,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   14-72966<br><br>Agency No. A205-128-698<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2018[**]
Pasadena, California

Before:  HAWKINS, M. SMITH, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Vanessa Olmos Vasquez (Olmos) seeks review of a final administrative removal order that the Department of Homeland Security (DHS) issued but subsequently cancelled. We dismiss the petition for lack of jurisdiction.

Under the Immigration and Nationality Act (INA), we have jurisdiction to review only "a final order of removal." 8 U.S.C. § 1252(a)(1); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1176 (9th Cir. 2007) (en banc) ("[O]ur jurisdiction is limited to the review of final orders of removal . . . ."). Because DHS canceled the final administrative removal order it issued to Olmos, there is no longer a final order of removal for this court to review. *See Lopez–Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (order). To the extent the record leaves any room for doubt about whether DHS's cancellation was effective, we rely on the government's representations that "Olmos is no longer subject to *any* final order of removal" and that DHS does not "have any intention of bringing new removal charges" against her.

We reject outright Olmos's reliance on distinguishable case law to argue that we may exercise jurisdiction because the canceled order remains "tantamount to a final order." Both *Anderson v. Holder*, 673 F.3d 1089 (9th Cir. 2012), and *Lolong* demonstrate fidelity to the INA's jurisdictional scheme, and neither case "broadly construe[s]" the basis for our jurisdiction in the manner Olmos suggests.

2

**Petition for review DISMISSED.**