**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAR 20 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARACELY COLINDRES-PALACIOS DE
CONTRERA, AKA Aracely Colindres-
Palacios; et al.,

                Petitioners,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.    20-71948

Agency Nos.    A209-001-665
                A209-001-666

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Aracely Colindres-Palacios de Contrera, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Colindres-Palacios de Contrera's testimony and declaration regarding the number of times her son was threatened with a gun, omissions in her declaration regarding a confrontation with and threat against her son, and her demeanor during testimony. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear"); *Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (agency's demeanor finding was supported where IJ provided "specific, first-hand observations"). Colindres-Palacios de Contrera's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Colindres-Palacios de Contrera's documentary evidence did not independently establish

20-71948

eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, Colindres-Palacios de Contrera's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of this disposition, we need not reach Colindres-Palacios de Contrera's remaining contentions regarding the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Colindres-Palacios de Contrera's claim was based on the same testimony the agency found not credible, and Colindres-Palacios de Contrera does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured in Guatemala. *See Farah*, 348 F.3d at 1157.

The Automated Case Information System maintained by the Executive Office for Immigration Review indicates that the BIA reopened the proceedings of Colindres-Palacios de Contrera's daughter, C. M. C.-C., on March 24, 2022. Because we lack jurisdiction over reopened proceedings, we dismiss this petition as to C. M. C.-C. *See Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (when proceedings are reopened, there is no final order of removal).

20-71948

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**